Eleanora Buckley sues to recover what she contends should be the proceeds of a policy of insurance issued to Stonewall Jackson by the American National Insurance Company on January 31st, 1912, and later assumed by Washington National Insurance Company. Both companies are made defendants.
Though the contract is designated as a health and accident policy, plaintiff alleges that there is in it a certain stipulation which, when properly interpreted, should be construed as providing for life insurance, and she sues therefor not only for certain "sick benefits", which she says accrued during the last illness of the insured, but also for the so-called life insurance for which she contends the policy provides. She also asks for the return of the "advanced premiums", which she alleges had been paid at the time of the death of Jackson.
Defendant companies filed exception of no right of action and no cause of action making several contentions, among them —
(1) That plaintiff had no insurable interest in the life of the insured and that therefore even if the policy does, under certain circumstances, provide for life insurance, it would be against public policy to permit plaintiff who, in the proof of death, designated herself as a "friend" of the insured to recover the proceeds; and
(2) That even if any sick benefits were due to the insured at the time of his death, plaintiff as beneficiary under the life feature of the policy — if there is such a life feature — may not claim these accrued benefits which may be claimed only by the heir of the insured.
Together with these exceptions, defendants, as required by the rules of the First City Court, filed answer and denied that there is any life insurance provided for in the policy, averring that it stipulates for sick and accident benefits only, and they asserted that the policy had lapsed for non-payment of premiums on May 1st, 1939, which was almost one year prior to the death of Jackson. They deny that at the time of the death there were any benefits due to anyone.
The exceptions were overruled and the matter was tried on the merits, and a judgment of dismissal resulted.
Counsel for plaintiff admits that the policy had lapsed during May, 1939, as asserted by defendants, but she stoutly maintains that at the time of the lapse there had accrued a reserve value sufficient, if used to extend the policy, to have kept it alive far beyond the date of the death of the insured. This contention that, at the time of the lapse, the policy had an accumulated reserve, and that this should have been applied to the extension of the policy, is based first, on the premise that there was a life insurance feature in it, and second, on the theory that because of that feature, it was controlled by Act No. 193 of 1906, which provides: "That every contract or policy of life or endowment insurance * * * issued on the life of a resident of this State by any corporation or association organized under the legal reserve laws of this State, or of any other State and delivered within this State, shall, after January first, Nineteen Hundred and Seven, contain a stipulation that after three full annual premiums have been paid thereon it shall not lapse or become void or be forfeited for non-payment of any premium thereafter, or of any note therefor, or of any loan on such policy, or of any interest on such note or loan, and that it is issued subject to the provisions of this Act relating to non-forfeiture."
The clause which plaintiff points to as constituting a life insurance feature is found in paragraph (m) of the policy under the caption "Burial Benefits". It reads as follows: "Or, if death of the Insured, over eighteen (18) and under fifty (50) years of age, shall occur while this policy is in force, resulting alone from any disease or sickness, originating after this policy has been continuously in force and effect for not less than four consecutive months without delinquency, immediately preceding the beginning of `such illness', the Company will pay, in addition to any other indemnity, a sum equal to two months' indemnity provided under paragraph (d) for total disability, but not exceeding Two Hundred and Fifty Dollars, ($250.00). If the insured is fifty (50) and *Page 20 
under sixty (60) years of age, the Company will pay one-half the above amount, not exceeding one hundred and twenty-five dollars ($125.00). Any indemnity due under this paragraph shall be subject to all the conditions in the policy and paid to the Beneficiary, if surviving, otherwise to the Executors, Administrators or Assigns of the Insured."
Assuming, though not deciding, that a policy which provides for a burial benefit is a life insurance contract within the contemplation of the Act of 1906, and assuming also, though the record does not show it, that the insurer should have set aside against the policy a reserve which would have been sufficient to have kept it alive beyond the date of the insured's death; in other words, assuming that plaintiff has shown all of those prerequisites, still by the very terms of paragraph (m) upon which alone she relies, it is apparent that there is no liability under the policy because the insured, some years before his death, had passed the age of sixty years. The clause plainly provides that the indemnity which, in paragraph (m) it grants in certain cases, shall not be available if the insured is over sixty years of age at the time of his death. We can give to that clause no other interpretation.
On January 31st, 1912, when the policy was issued, Jackson gave his age as 37. Thus at the time of his death on March 17th, 1941, he was at least 65 years old, and hence beyond the maximum age at which even paragraph (m) of the policy afforded protection. Counsel for plaintiff argues that under this paragraph it is the age of the insured at the time of the issuance of the policy that is important and not the age of the insured at the time of death.
We think it is too clear to require further discussion that it is the age at the time of death which controls this clause. Therefore conceding, though not by any means so holding, that every other question should be decided in plaintiff's favor, still she could not recover since it is only paragraph (m) which, in certain circumstances, provides for liability where death occurs, and this clause expressly provides that even this protection shall not be available unless the insured is under sixty years of age at the time of his death.
The judgment appealed from is affirmed at the cost of appellant.
Judgment affirmed.